THE PH. VAN OMMEREN CORP. OF NEW YORK, Appellant, *v.* FREDERICK ROTHE, Respondent.

Supreme Court, Appellate Term, First Department, April 11, 1924.

**Principal and agent — action on written contract executed by defendant for rental of membership certificate of New York Produce Exchange — parol testimony that defendant executed instrument as agent of third person inadmissible to relieve defendant from personal liability.**

In an action to recover money due under a written contract, executed by the defendant for the rental of a membership certificate of the New York Produce Exchange, parol testimony offered by the defendant tending to show that he exe.uted the instrument as agent of a third person and that the plaintiff through its broker had knowledge of this agency is inadmissible to relieve the defendant from personal liability, but it might have been admissible in an action to hold the principal.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, after a trial before the court and jury.

*Hornblower, Miller & Garrison* (*Sherwood E. Hall,* of counsel), for the appellant.

*Harris, Dawson & Ely* (*Randolph Harris,* of counsel), for the respondent.

CRAIN, J. The action was brought to recover money due and unpaid under a written contract executed by the defendant for

the rental of a membership certificate of the New York Produce Exchange. At the trial the defendant offered parol testimony, which was admitted over plaintiff's objection and exception, tending to show that he executed the instrument as an agent of a third party and that the plaintiff, through its broker, had knowledge of this agency. The evidence was inadmissible to relieve the defendant from personal liability, while it might have been admissible in an action to hold the principal. *Gordon Malting Co.* v. *Bartels Brewing Co.*, 206 N. Y. 528; *Meyer* v. *Redmond*, 205 id. 478.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

BIJUR and MCCOOK, JJ., concur.

Judgment reversed.